TEW v. YOUNG.

(Filed March 29, 1904).

ISSUES—*Verdict—Trial—Judgment—New Trial.*

> A new trial will be granted where the issues answered by the jury are immaterial and the material issues under the pleadings are not answered.

ACTION by L. J. Tew against E. F. Young and J. D. Butler, heard by *Judge H. R. Bryan* and a jury, at October Term, 1903, of the Superior Court of CUMBERLAND County. From a judgment for the plaintiff the defendants appealed.

*T. H. Sutton* and *N. A. Sinclair,* for the plaintiff.
*D. T. Oates, W. A. Stewart* and *J. C. Clifford,* for the defendants.

MONTGOMERY, J. The theory upon which the case appears from the record to have been tried was inconsistent with the cause of action set out in the complaint, and the

jury failing to respond to the particular issues raised by the pleadings answered certain others which seem to us immaterial. The allegations in the complaint upon which the plaintiff founds his action are that the defendants sold to him an interest in a certain machine or cabinet for the preservation of fruit, which the defendants represented to him at the time of the sale was protected by a patent; that connected with the model of the patented machine exhibited to the plaintiff there was represented as included in the patent a crank or handle to be used in connection with a cylinder attached to the cabinet, and that this crank was not in fact included in the patent. No damage was alleged by the plaintiff to have been sustained by him because of the alleged fraudulent statement that the crank was covered and protected by the patent; but the plaintiff alleges that his damages grew out of his inability to sell the machine within the territory in which he was allowed to operate by virtue of his purchase, on account of a threat made of legal prosecutions by the owner of an older and superior patent of a like machine *including the crank,* and that believing that there was an older and superior patent he abandoned the sale of his machine after spending a good deal of time and money in preparation for its sale.

The defendants deny that there was any fraudulent representation made by them to the plaintiff at the time of the sale of the patent to the plaintiff, and denied that there was any older and superior patent of the machine. His Honor submitted several issues to the jury, one upon the question of fraud in the sale of the patent, one as to whether the patent covered the crank or not, one as to whether the patented device was worthless without the crank or handle, all of which the jury answered in favor of the plaintiff. But the two material issues, to-wit, "Was the fruit preserver, cabinet or casket, as exhibited, in its essential parts covered by older

or superior letters patent?" and "Was the plaintiff prevented from selling the fruit preserver, cabinet or casket by reason of an older and superior patent right covering the crank or cylinder?" were both answered "Cannot answer." Upon the trial not one word of an older or superior patent was said in the evidence. There was no attempt to show that there was an older or superior patent, or that any person had claimed such patent, or had interfered with the plaintiff in his attempt to make sales of his property.

The defendant's exception, then, to the judgment pronounced on the verdict was well taken.

New Trial.